IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2001 Session

## STATE ex rel. BENJAMIN M. BOWMAN, ET AL. v. CITY OF ELIZABETHTON

Appeal from the Chancery Court for Carter County
No. 23450     G. Richard Johnson, Chancellor

No. E2001-00597-COA-R3-CV
Filed December 28, 2001

In this condemnation suit the landowners, whose property was originally proposed to be annexed but later excluded, appeal the Trial Judge's determination that they have no standing to prosecute the suit contesting the annexation. Other landowners who were in the original annexation ordinance and remained therein after the amended ordinances excluding realtors, sought to intervene and contest the City's right to annex. Their suit was likewise dismissed upon a finding by the Trial Court that they had not filed an exception within the 30-day period allowed by Statute. We affirm the Trial Court's resolution both as to the Realtors and the parties attempting to intervene.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Joseph E. May, Mount Carmel, Tennessee, for the Appellants

Charlton R. DeVault, Jr., Kingsport, Tennessee, and Roger G. Day, Elizabethton, Tennessee, for the Appellee

**OPINION**

By means of a *quo warranto* proceedings pursuant to T.C.A. 6-51-103, Benjamin M. Bowman, Dana Dykes and Cecil C. Babb contest the right of the City of Elizabethton to annex their property.

Three ordinances were adopted by the City of Elizabethton annexing property in three separate locations. Each of the Realtors owns property in one of the areas annexed, and have filed this suit contending the annexation of the areas by the City violates the provisions of T.C.A. 6-51-103.

The three original ordinances were adopted on August 8, 1997. On October 31, 2000, which was after the suit was filed, the City amended the ordinances to exclude the properties owned by the Realtors from the area annexed.[1] The City then moved to dismiss the suit because the Realtors had no standing to contest the annexation because their property had been excluded therefrom.

In response to the City's amendments, three additional landowners, whose property was within the original annexation ordinance, moved to be permitted to intervene.

The Trial Court dismissed the original complaint, finding that the Realtors had no standing to contest the annexation and denied the motion to intervene, finding that objection to the annexation must have been within 30 days of passage of the original ordinances. T.C.A. 6-51-103(a).

The Realtors appeal insisting their right to contest the annexation was not precluded by excluding their property from the ordinances repealing the earlier ones. Counsel for the Realtors, however, did concede in oral argument that had the initial ordinances not included their property they would have no standing to contest. We are of the opinion that the ordinances ultimately adopted require the same result.

In reaching our conclusion we observe that if in fact the Realtors are correct and we vacate the judgment below and remand the case for trial, and thereafter the City adopts ordinances again including the Realtors' property, it is possible that the ordinances thus adopted would be sustained, resulting in the Realtors' property being annexed. We doubt that this is a result they would desire.

As to the parties seeking to intervene, the Appellants' brief addresses whether they were required to take exception to the original ordinances within the 30-day period allowed, or had an additional 30 days after the subsequent ordinances were adopted to contest the annexation. We cannot, however, reach this question because it does not appear that they perfected an appeal, there being no notice of appeal filed by them.

For the foregoing reasons the judgment of the Trial Court is affirmed in all respects and the cause remanded for collection of costs below. Costs of appeal are adjudged against Benjamin M. Bowman, Dana Dykes, Cecil B. Babb and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[1] T.C.A. 6-51-103, as amended in 1984, does grant the right to contest annexation to "owners of property which borders or lies within territory which is subject to an annexation ordinance." The 1984 amendment, however, has been declared unconstitutional by our Supreme Court. Hart v. City of Johnson City, 801 S.W.2d 512 (Tenn.1990).